IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL E. PACE,**

    Plaintiff,

vs.                              Civ. No. 97-276 MV/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

    1.  Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  The Commissioner determined that Plaintiff is not eligible for disability insurance benefits.  Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing.  The Court will review the Commissioner's

---

[1] Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

1

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

    2.   Plaintiff applied for disability insurance benefits on July 15, 1994 alleging disability since April 12, 1993.  Tr. 43-46.  The application was denied initially and on reconsideration.  Plaintiff requested and received a <u>de novo</u> review before an Administrative Law Judge (ALJ).  A hearing was held before the ALJ at which Plaintiff and his representative appeared.  The ALJ found that the Plaintiff was not disabled. Tr. 30.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision.  Tr. 5.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

    3.   Plaintiff was born on November 26, 1959 and was thirty-six years of age at the time of his administrative hearing.  Tr. 240.  He has a twelfth grade education.  Tr. 241.  His past employment included a glazer working with window glass and a jeweler manufacturing jewelry.  Tr. 242-43.

**Issues**

    4.  Plaintiff alleges that the ALJ made four errors.  Specifically Plaintiff claims that: (1) The ALJ erred by excluding

a medically determinative mental impairment; (2) the ALJ's use of the grids was improper; (3)Plaintiff's pain justified a finding of disability; and (4)various findings of the ALJ are not supported by the substantial evidence.

**The Standard of Review**

5.  The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied.  Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.  The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes him from returning to his past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering his age,

3

education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

    7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that he is not engaged in substantial gainful employment;  (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering his age, education, and prior work experience.  If a determination of disabled is found at any step, further inquiry is not required.  20 C.F.R. §404.1520.

    8.   Upon reaching the fifth step of the sequential evaluation

process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert

testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. It is well settled that an ALJ must "sufficiently articulate his assessment of the evidence to assure us that the ALJ considered the important evidence and to enable us to trace the path of the ALJ's reasoning." Rohan v. Chater, 98 F.3d 966, 971 (7th Cir. 1996). There is medical evidence in the record that Plaintiff suffered from major depression. Tr. 156. Of course, the existence of some evidence of depression does not entitle a Plaintiff to a finding of disabled. However, the existence of this evidence requires an ALJ to address this evidence. The ALJ failed to so do. The ALJ did not even mention depression in his opinion. Thus, the Court us unable to trace the ALJ's reasoning. It appears that the ALJ committed error by substituting his own judgment for that of the medical expert. Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996).

11. On remand the ALJ must also consider the application of recent amendments to the Social Security Act. On March 29, 1996 the President signed into law the Contract With American

Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 847 (1996). Section 105 of that Act amends the Social Security Act to deny disability and SSI benefits to persons whose disability are the result of alcoholism or drug addiction. Specifically, the new amendments provide that "an individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would...be a contributing factor to the Commissioner's determination that the individual is disabled." Pub.L. No. 104-121 §§105(a)(1),(b)(1). This law is applicable to cases pending judicial review. See Technical Amendments Relating to Drug Addicts and Alcoholics, §5525(a)(2)(D)(I), H.R.2015-374.

  12. Plaintiff's medical history reveals a history of drug and alcohol abuse. Tr. 200, 202. Throughout the record Plaintiff exhibited drug seeking behavior. He became upset when denied narcotics for pain. Tr. 103-4. His wife has told various physicians that Plaintiff has had a "major problem with drug and alcohol abuse in the past." Tr. 125, 181. Dr. Michael D. Muldawer considered the Plaintiff at "high risk from chemical dependence." Tr. 125. Plaintiff was in counseling for an addiction to alcohol in June of 1994. Tr. 138. He was examined by Dr. Daniel R. Cameron, an addictive disease specialist in July of 1994. Dr. Cameron found that Plaintiff had a dependence of medications and abused cocaine. Tr. 156. The Plaintiff told Dr. Cameron that he began using cocaine four months ago and had been on six binges. Tr. 155. Dr. Cameron recommended that Plaintiff have extensive

rehabilitation for his drug problem. Tr. 157.

13.  The ALJ did not consider the effect of the amendments to the Social Security Act.  It is not clear from the record whether or to what extent Plaintiff's alcoholism and drug use has contributed to his mental ailments.  Thus a remand is required on this issue.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be granted for further proceedings for a proper analysis of Plaintiff's mental ailments and to determine whether Plaintiff's alleged disability would still exist if he stopped using drugs and alcohol.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**